```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

  ISAIAH MOULTRIE,

                    Plaintiff,              MEMORANDUM & ORDER
                                             24-CV-2012(EK)(PK)

            -against-

  CENLAR a/k/a CENTRAL LOAN
  ADMINISTRATION & REPORTING AS
  SERVICER FOR CITIBANK,

                    Defendant.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

      Plaintiff Isaiah Moultrie entered into a home equity line of credit with Citibank. Defendant Cenlar serviced the line of credit. An alleged bookkeeping error caused Moultrie to overdraw the line of credit, so Cenlar increased his monthly payment. Cenlar applied Moultrie's next two payments to the principal only, then notified Moultrie that he had defaulted on two months' interest payments.

      Moultrie, who is represented by counsel, now brings state-law claims for negligent accounting, breach of contract, and violation of state mortgage-servicing regulations. He also brings a claim under an unspecified provision of the Dodd-Frank

Act.[1]  Cenlar moves to dismiss the complaint in its entirety. For the reasons set forth below, that motion is granted.

## I.  Background

The following facts are drawn from the complaint, and are presumed true for purposes of this order. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Moultrie entered into a $260,000 home equity line of credit ("HELOC") with Citibank on January 8, 2020. Compl. ¶ 2, ECF No. 1-2.  On October 5, 2023, "a bookkeeper made a payment" of $32,495.69 — apparently erroneously — to Moultrie's HELOC, thereby freeing up a corresponding amount for Moultrie's use. *Id.* ¶ 5.  Moultrie then drew down the newly available funds, bringing him back up to the credit limit. *Id.*  Subsequently, however, "the payment [made by the bookkeeper] was returned" — that is, clawed back by the bank — bringing Moultrie's credit usage above the $260,000 limit. *Id.* ¶¶ 5-6.

In light of the overdraft, Cenlar increased Moultrie's monthly payments, which Moultrie continued to make. *Id.* ¶ 7. On January 5, 2024, Moultrie received a letter from Cenlar stating that he was in default on the past two months' interest payments. *Id.* ¶ 9.  According to Moultrie, Cenlar should have applied the payments to both the interest and principal

---

[1] In his complaint, Moultrie refers to this statute as the "Dobbs Frank Act."  Compl. ¶ 18, ECF No. 1-2.

outstanding, and its failure to do so caused him to default on the interest payments. *Id.* ¶ 8. He claims that this default harmed his credit rating, his business, and his ability to refinance. Compl. ¶¶ 11-12, 14.

Moultrie filed suit in New York State Supreme Court on January 25, 2024. Compl. 7. Cenlar removed, invoking this Court's federal-question jurisdiction. This Court has general jurisdiction over Cenlar because it is incorporated in New York. Notice of Removal ¶ 8, ECF No. 1; *see Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Venue is proper because this is the "district and division embracing the place" where this action was originally filed. 28 U.S.C. § 1441(a).

## II. Legal Standard

In reviewing a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *E.g.*, *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013). Only "a plausible claim for relief survives a motion to dismiss." *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 476 (2d Cir. 2009).[2] A claim is plausible "when the plaintiff pleads factual content that allows the court to

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

### III. Discussion

**A. Moultrie's Dodd-Frank Claim**

Moultrie's Dodd-Frank claim fails for two reasons. First, he identifies no specific provision of that sprawling statute that Cenlar allegedly violated. Second, to the extent Moultrie accused Cenlar of unfair or deceptive mortgage servicing practices, Dodd-Frank does not provide a private right of action.

A complaint must allow a court to discern "the requirements of whatever statute [the plaintiff] is suing under" and "how each defendant violated that statute." *Harding v. CIT Grp./Consumer Fin., Inc.*, No. 13-CV-1178, 2013 WL 1136401, at *2 (E.D.N.Y. March 18, 2013); *see also Nasions v. Two Unknown B.I.C.E. Agents at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) (Rule 8 requires plaintiffs to indicate a specific legal right that was allegedly violated); *Parker v. Atlanta Cap. Assets, LLC*, No. 24-CV-00468, 2024 WL 4251730, at *2 (N.D. Ga. August 14, 2024) (dismissing complaint where plaintiff "mentioned the Dodd-Frank Act in her Complaint with no reference to any specific provision of the Act"). Here,

4

Moultrie alleges that Cenlar's conduct violated the Dodd-Frank Act, Compl. ¶ 18, but he never identifies how the alleged conduct contravenes any particular provision of that 848-page statute. *See* Pub. L. No. 111-203, 124 Stat. 1376 (2010). That is not enough to survive a motion to dismiss.[3]

In any event, Moultrie does not have a private right of action under the Dodd-Frank Act. While the Act did create a private right of action for whistleblowers, *see* 15 U.S.C. § 78u-6(h)(1)(B)(i), Moultrie does not allege any facts suggesting he is a whistleblower. Instead, the conduct Moultrie describes appears somewhat analogous to unfair business practices. Compl. ¶¶ 9-11. And the Court "is not aware of any language in Dodd-Frank explicitly providing for a private cause of action for unfair, deceptive, or abusive acts or practices." *Beider v. Retrieval Masters Creditors Bureau, Inc.*, 146 F. Supp. 3d 465, 472 (E.D.N.Y. 2015); *see also Parker*, 2024 WL 4251730, at *2 (dismissing complaint because Dodd-Frank created no usable private right of action). Accordingly, the Dodd-Frank claim is dismissed.

---

[3] Moultrie gestures toward several other federal statutes in his opposition brief, including the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. Mem. in Opp. to Mot. to Dismiss 8, ECF No. 22-1. But a plaintiff may not amend his complaint in his opposition to a motion to dismiss. *Wright v. Ernst & Young L.L.P.*, 152 F.3d 169, 178 (2d Cir. 1998). So, the Court does not consider whether Moultrie has stated a claim under these statutes.

**B.     Moultrie's State-Law Claims**

Without the Dodd-Frank claim, this Court will not exercise jurisdiction over the state-law claims. Although Cenlar invoked both federal question and diversity jurisdiction in its notice of removal, it has not shown that diversity actually exists here. Notice of Removal ¶¶ 7-11. An allegation of a party's "residence alone is insufficient to establish domicile for jurisdictional purposes." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). The only allegation in the notice of removal as to Moultrie's state of citizenship is that he is "an individual with offices at Far Rockaway, New York." *Id.* ¶ 7. Even if this established Moultrie's place of residence, it does not establish domicile. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 47-49 (1989). And if it did establish domicile, it would render the parties non-diverse, because Cenlar is incorporated in New York. Notice of Removal ¶ 8; *see also Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012) ("[A] corporation is considered a citizen of the state in which it is incorporated . . . .").

Therefore, the Court may only review the state-law claims if it exercises supplemental jurisdiction. However, when "the district court has dismissed all claims over which it has original jurisdiction . . . the district court need not

6

exercise" supplemental jurisdiction. *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025). "Instead, the court may (and indeed, ordinarily should) kick the case to state court." *Id.*

It is possible that Moultrie is domiciled somewhere other than New York (where Cenlar is incorporated) or New Jersey (where Cenlar has its principal place of business). Notice of Removal ¶ 8. If that is the case, the Court might have diversity jurisdiction over the non-federal claims. When a complaint does not properly allege federal jurisdiction, but additional allegations could remedy that defect, a court should dismiss with leave to amend. *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 71 (2d Cir. 2012). So, the remaining non-federal claims are dismissed with leave to amend. If Moultrie fails to amend within the next thirty days, the dismissal will be with prejudice.

## IV.  Conclusion

For the foregoing reasons, the complaint is dismissed without prejudice. Moultrie may amend his complaint to allege diversity jurisdiction within thirty days. If Moultrie fails to do so, the Clerk of Court is respectfully directed to enter judgment and close the case.

SO ORDERED.

                                            /s/ Eric Komitee
                                        ERIC KOMITEE
                                        United States District Judge

Dated:    July 29, 2025
            Brooklyn, New York