```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

  ISAIAH MOULTRIE,

                  Plaintiff,              AMENDED MEMORANDUM &
                                          ORDER[1]
                  -against-               24-CV-2012(EK)(PK)

  CENLAR a/k/a CENTRAL LOAN
  ADMINISTRATION & REPORTING AS
  SERVICER FOR CITIBANK,

                  Defendant.

--------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Isaiah Moultrie undertook a home equity line of credit with Citibank, N.A., which was serviced by defendant Cenlar. An alleged bookkeeping error caused Moultrie to overdraw the line of credit, so Cenlar increased his monthly payment. Cenlar applied Moultrie's next two payments to the principal only, then notified Moultrie that he had defaulted on two months' interest payments.

---

[1] The Court issued an initial order dismissing the Complaint on July 29, 2025. ECF No. 28, at 7. That order, which dismissed Moultrie's Dodd-Frank claim and declined to exercise supplemental jurisdiction over his state-law claims, granted Moultrie leave to amend for purposes of alleging diversity jurisdiction. *Id*. Moultrie filed his First Amended Complaint on August 21. ECF No. 29. But, because that complaint added new federal and state-law claims, and not just diversity allegations, the Court struck it. Docket Order dated August 28, 2025. Moultrie filed his Second Amended Complaint on August 28. The Court then withdrew its prior dismissal order, concluding that it likely should have exercised diversity jurisdiction over Moultrie's state-law claims. Docket Order dated September 4, 2025. This Amended Order follows. Unless otherwise noted, this Order treats the Second Amended Complaint as operative. *Lopez-Serrano v. Rockmore*, 132 F. Supp. 3d 390, 398 (E.D.N.Y. 2015) (When a plaintiff seeks to amend their complaint while a motion to dismiss is pending, courts may either deny "the motion as moot or consider[] the merits of the motion in light of the" amendment.).

Moultrie, who is represented by counsel, now brings state-law claims for negligence, breach of contract, and violation of state mortgage-servicing regulations. He also brings a claim under an unspecified provision of the Dodd-Frank Act.[2] Cenlar moves to dismiss the complaint in its entirety. For the reasons set forth below, that motion is granted.

## I. Background

The following facts are drawn from the Second Amended Complaint ("SAC") and are presumed true for purposes of this order. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).[3]

Moultrie entered into a $260,000 home equity line of credit ("HELOC") with Citibank on January 8, 2020. SAC ¶ 7, ECF No. 33. On October 5, 2023, "a bookkeeper made a payment" of $32,495.69 — apparently erroneously — to Moultrie's HELOC, thereby freeing up a corresponding amount for Moultrie's use. *Id.* ¶ 10. Moultrie then drew down the newly available funds, bringing him back up to the credit limit. *Id.* Subsequently, however, "the payment [made by the bookkeeper] was returned" — that is, clawed back by the bank — bringing Moultrie's credit usage above the $260,000 limit. *Id.* ¶ 11.

---

[2] In his initial complaint, Moultrie refers to this statute as the "Dobbs Frank" Act. Compl. ¶ 18, ECF No. 1-2. Moultrie's Second Amended Complaint drops the Dodd-Frank claim entirely, presumably in response to the Court's initial dismissal order. *See* SAC ¶ 26. Because the Court withdrew that order, it still addresses Moultrie's Dodd-Frank claim here.

[3] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

In light of the overdraft, Cenlar increased Moultrie's monthly payments, which Moultrie continued to make. *Id.* ¶ 12. On January 5, 2024, Moultrie received a letter from Cenlar stating that he was in default on the past two months' interest payments. *Id.* ¶ 15. According to Moultrie, Cenlar should have applied the payments to both the interest and principal outstanding, and its failure to do so caused him to default on the interest payments. *Id.* ¶ 14. He claims that this default harmed his credit rating, his business, and his ability to refinance. *Id.* ¶ 17.

Moultrie filed suit in the New York State Supreme Court on January 26, 2024. Compl., ECF No. 1-2. Cenlar removed, invoking this Court's federal-question jurisdiction. ECF No. 1. The Court also has diversity jurisdiction over Moultrie's state-law claims: Moultrie is domiciled in New York, while Cenlar is a citizen of Delaware, where its home office is located. SAC ¶¶ 1-2; *see OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 219 (2d Cir. 2016) (per curiam) ("[A] national bank is a citizen only of the state listed in its articles of association as its main office.").

## II.   Legal Standard

In reviewing a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *E.g.*, *Lundy*

3

*v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013). Only "a plausible claim for relief survives a motion to dismiss." *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 476 (2d Cir. 2009). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

### III. Discussion

#### A. Moultrie's Dodd-Frank Claim

Moultrie's Dodd-Frank claim fails for two reasons. First, he identifies no specific provision of that sprawling statute that Cenlar allegedly violated. Second, to the extent Moultrie accused Cenlar of unfair or deceptive mortgage servicing practices, Dodd-Frank does not provide a private right of action.

A complaint must allow a court to discern "the requirements of whatever statute [the plaintiff] is suing under" and "how each defendant violated that statute." *Harding v. CIT Grp./Consumer Fin., Inc.*, No. 13-CV-1178, 2013 WL 1136401, at *2 (E.D.N.Y. March 18, 2013); *see also Nasions v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (Rule 8 requires plaintiffs to indicate a specific legal right that was

4

allegedly violated); *Parker v. Atlanta Cap. Assets, LLC*, No. 24-CV-00468, 2024 WL 4251730, at *2 (N.D. Ga. August 14, 2024), *report and recommendation adopted* 2024 WL 4251729 (N.D. Ga. Sept. 5, 2024) (recommending dismissal where plaintiff "mentioned the Dodd-Frank Act in her Complaint with no reference to any specific provision of the Act"). Here, Moultrie alleges that Cenlar's conduct violated the Dodd-Frank Act, Compl. ¶ 18, but he never identifies how the alleged conduct contravenes any particular provision of that 848-page statute. *See* Pub. L. No. 111-203, 124 Stat. 1376 (2010). That is not enough to survive a motion to dismiss.[4]

In any event, Moultrie does not have a private right of action under the Dodd-Frank Act. While the Act did create a private right of action for whistleblowers, *see* 15 U.S.C. § 78u-6(h)(1)(B)(i), Moultrie does not allege any facts suggesting he is a whistleblower. Instead, the conduct Moultrie describes appears somewhat analogous to unfair business practices. SAC ¶¶ 15-16. And the Court "is not aware of any language of Dodd-Frank explicitly providing for a private cause of action for unfair, deceptive, or abusive acts or practices," at least as

---

[4] Moultrie gestures toward several other federal statutes in his opposition brief, including the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. Mem. in Opp. to Mot. to Dismiss ("Opp'n") 8, ECF No. 22-1. But a plaintiff may not amend his complaint in his opposition to a motion to dismiss. *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998). So, the Court does not consider whether Moultrie has stated a claim under these statutes.

5

applicable here. *Beider v. Retrieval Masters Creditors Bureau, Inc.*, 146 F. Supp. 3d 465, 472 (E.D.N.Y. 2015); *see also Parker*, 2024 WL 4251730, at *2 (recommending dismissal because Dodd-Frank created no usable private right of action). Accordingly, the Dodd-Frank claim is dismissed.

**B.  Moultrie's State-Law Claims**

Because there is diversity of citizenship, the Court has jurisdiction over Moultrie's state-law claims even in the absence of a viable federal claim. However, each of Moultrie's state-law claims independently fails.

***Negligence.*** "It is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated." *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 516 N.E.2d 190, 193 (N.Y. 1987). Here, "the parties' relationship [is essentially] a contractual one between a borrower and a bank, which does not give rise to a duty which could furnish a basis for tort liability." *Baumann v. Hanover Cmty. Bank*, 957 N.Y.S.2d 111, 114 (App. Div. 2d Dep't 2012). And Moultrie does not allege any duty independent of the parties' contractual relationship that has been violated. *See* SAC ¶ 20 ("[Cenlar] has been negligent in the accounting and maintenance of the account and has incorrectly applied the payments . . . ."). Moultrie therefore fails to state a claim for negligence.

***Breach of Contract.*** "To state a cause of action to recover damages for a breach of contract, the plaintiff's allegations must identify the provisions of the contract that were breached." *NFA Grp. v. Lotus Rsch., Inc.*, 120 N.Y.S.3d 75, 76 (App. Div. 2d Dep't 2020). Moultrie fails to do so, instead vaguely asserting that "the defendant has breached the terms of the mortgage and note by misapplying the payments." SAC ¶ 23. That is insufficient to survive a motion to dismiss. *See Gordon v. Curtis*, 893 N.Y.S.2d 6, 7 (App. Div. 1st Dep't 2009).

Moultrie tries to save this claim in his opposition brief, citing paragraph 3(h) of the loan agreement, which required Cenlar to "sen[d] statements on a monthly cycle which will reflect [Moultrie's] account activity and any amounts [he] owe[s] Citibank." ECF No. 22-2, at 6. But "[i]t is well-settled that a plaintiff cannot amend his complaint by asserting new facts or theories for the first time in opposition to a motion to dismiss." *Peacock v. Suffolk Bus Corp.*, 100 F. Supp. 3d 225, 231 (E.D.N.Y. 2015) (collecting cases). Moreover, even crediting evidence extraneous to the complaint, Moultrie fails to plausibly allege that Cenlar sent him inaccurate account statements. *See, e.g.*, Moultrie Decl. ¶ 15, ECF No. 22 (citing letter, ECF No. 22-8, that reiterates that prior billing

7

statements were accurate).[5]  Moultrie's breach-of-contact claim is dismissed.

### *Section 419.3 of the New York Banking Regulations.*

Finally, Moultrie alleges that Cenlar violated 3 N.Y.C.R.R. § 419.3 by "misapplying the payments and holding [Moultrie] in default and threatening a foreclosure."[6]  Compl. ¶ 18.  But this claim also fails because Moultrie has no private right of action under Part 419 of the Banking Regulations.  "Part 419 is a regulatory scheme applicable to certain mortgage loan servicers," *Wells Fargo Bank, N.A. v. Vanderkamp*, Index No. 61097/2013, 2014 WL 5642261, at *6 (N.Y. Sup. Ct. Nov. 3, 2014), and "enforceable by New York State's Department of Financial Services." *Bloom v. Nationstar Mortg. LLC*, 154 N.Y.S.3d 395, 399 (N.Y. Sup. Ct. 2021).  Part 419 does not provide an express private right of action and New York courts have refused to imply one.  *See Vanderkamp*, 2014 WL 5642261, at *6; *Bloom*, 154 N.Y.S.3d at 399.  Moultrie's claim under 3 N.Y.C.R.R. § 419.3 is dismissed.[7]

---

[5] Moultrie cites language from this letter that "the agents did not include your over the credit limit amount when they advised you of the amount that was due."  Moultrie Decl. ¶ 15.  But this at most suggests that Moultrie received incomplete information during a customer-service call, not that he received an inaccurate account statement.

[6] In his complaint, Moultrie refers to this provision as "State Law NYCRR 419(3)."  SAC ¶ 26.

[7] Moultrie raises at least one additional state-law claim in his opposition brief.  Opp'n 7.  But, again, a plaintiff may not amend his complaint in his opposition to a motion to dismiss.  *Wright*, 152 F.3d at 178.

## IV. Conclusion

For the foregoing reasons, the complaint is dismissed without prejudice. If Moultrie fails to amend his complaint within thirty days, the Clerk of Court is respectfully directed to enter judgment and close the case.

SO ORDERED.

    /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   January 27, 2026
         Brooklyn, New York